The judgment of the court was pronounced by
Rost, J.
The defendant, who is the testamentary executor of the late Jean Bozant, filed a final account of his administration, showing a balance in money,- and the share coming to each of the heirs of the deceased ; he prayed that the heirs might be cited and for the homologation of the account, and leave to distribute the assets in accordance therewith. In his petition, he stated that A. Bozant, one of the heirs, claimed from the succession the balance of an unliquidated account, amounting to $8024 34, which he had refused to allow, because no evidence had been adduced in support of it.
The heirs were personally cited. A. Bozant appeared and made opposition to the account, claiming to be placed thereon as a creditor for the amount of his-claim. Two of the other heirs excepted to this proceeding; on the ground that as the executor had refused to acknowledge the claim, the only remedy of the-opponent was to establish it in an ordinary suit.
*710 The district judge considering that, under article 986 of the Code of Practice, 0pp0nen(; should have brought a separate suit, and that in contesting his account, the other heirs could not be deprived of the trial by jury, which two of them claimed, sustained the exception and dismissed the opposition. A. Bozant has appealed.
We are of opinion that the district court erred. This being a claim against a succession, the parties would not have been entitled to a trial by a jury if a separate suit had been brought. The executor and one of the heirs are willing to litigate the claim in this form; and although the other heirs may intervene for the preservation of their rights, they cannot be permitted to file exceptions as to mere matters of form which the executor and one of the co-heirs have waived. Parties litigant must agree as to the manner of prosecuting their claims, and are never allowed to make inconsistent pleas. Succession of Hilligsberg, ante p. 118. Pargaud v. Giffins, 10 L. R. 356.
The rule laid down in the unreported case of the Succession of Layton, is undoubtedly correct, with the reservation therein made ; but that case was not analogous to the present; it turned upon an opposition to a provisional account showing a distribution among creditors and a balance due to the executors. The court held, that as the opposing creditors claimed no part of the money distributed, and the court could not render a judgment ordering the payment of their claim out of it, the homologation of the tableau could not affect their rights, and they should not be permitted to delay the homologation of the account to the prejudice of other creditors, when art. 986 of the Code of Practice pointed out a separate and distinct suit as the proper mode of liquidating unsettled claims against successions.
In this case the account is final, and involves a partition among the heirs; there are no creditors to be paid, and the opponent is entitled to a share of the fund to be distributed; the amount of which cannot be ascertained until his claim is liquidated.
We are unable to perceive the necessity or expediency of a separate suit, and the law does not imperatively require it.
It is therefore ordered, that the judgment in this case be reversed. It is further ordered, that the opposition of A. Bozant be reinstated, and the case remanded for further proceedings according law; the costs of this appeal to be paid by Catherine and Cecile Bozant.